FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAY 23 AM 8:31
CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BILLY CARLTON BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 112-022 |
| | ) |
| DANIEL J. CRAIG, et al., | ) |
| | ) |
| Defendants. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Baldwin State Prison in Hardwick, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] Although he is currently incarcerated at Baldwin State Prison, as explained below, Plaintiff's complaint concerns events that allegedly occurred in Richmond County, Georgia.

I.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) District Attorney Daniel J. Craig; (2) Assistant District Attorney Ashley Wright; (3) the Honorable Albert M. Pickett, Richmond County Superior Court Judge; (4) Michael C. Garrett, the defense attorney appointed to represent Plaintiff in his criminal case; and (5) the State of Georgia.[2] (Doc. no. 1, pp. 1-2.) Plaintiff alleges that Defendants conspired against him by having him arrested and convicting him of several felony offenses. (Id. at 6-11.) According to Plaintiff, Defendants concealed defects in the indictment used to charge him, and they also coerced him into pleading guilty and waiving his constitutional rights. (Id. at 12-13.) Plaintiff also alleges that Judge Pickett imposed criminal judgments against him "even though the [trial] court was without jurisdiction to impose such void, illegal and unconstitutional judgments of state imprisonment." (Id. at 14.) Plaintiff does not explain why the trial court lacked jurisdiction over his criminal case.

Plaintiff asserts that Defendants' actions against him with respect to his criminal convictions resulted in false imprisonment, as well as violations of his equal protection and due process rights. (Id. at 7-8.) In his demand for relief, Plaintiff seeks for the Court to

---

[2]The Court notes that the Honorable Daniel J. Craig now serves as a Richmond County Superior Court Judge and Ashley Wright now serves as the Richmond County District Attorney. However, Plaintiff's complaint concerns these individuals' actions in their former positions, and the Court will refer to them accordingly.

2

declare his state criminal convictions void and to order his immediate release from confinement. (Id. at 18-19.)

## II. DISCUSSION

### A. Immunity and Lack of State Action

Plaintiff's complaint fails to state a claim upon which relief may be granted because each Defendant in this action is entitled to immunity or otherwise exempted from liability with respect to the Plaintiff's attempted civil rights claims.

Plaintiff's allegations against Judge Pickett fail to state a claim because, as a judge, he entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, ___ U.S. ___, 132 S. Ct. 1497, 1503 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Pickett was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See id. at 359-64.

Plaintiff's conclusory allegation that the state trial court lacked jurisdiction over his criminal case is insufficient to defeat Judge Pickett's entitlement to immunity, as he has provided no facts suggesting that Judge Pickett acted in the "clear absence of all

3

jurisdiction." Id. at 357. Thus, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's allegations as to Judge Pickett concern his actions as the judge presiding over Plaintiff's criminal proceedings in state court; such actions qualify as activity of a type usually performed by judges. Therefore, Judge Pickett is entitled to absolute immunity, and Plaintiff's allegations against him fail to state a claim upon which relief may be granted.

Plaintiff also fails to state a claim against Defendants Craig and Wright, as they too are entitled to immunity. Prosecutors are entitled to absolute immunity for damages under § 1983 for "actions taken . . . in their role as advocates." Rehberg, 132 S. Ct. at 1503; Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera, 359 F.3d at 1353 (citation omitted); see also Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009))), *aff'd*, 132 S. Ct. at 1510.

Here, Plaintiff's allegations against Defendants Craig and Wright only pertain to their traditional duties as counsel for the State in Plaintiff's criminal case, and they are therefore

4

entitled to absolute immunity. Accordingly, Plaintiff's allegations against Defendants Craig and Wright fail to state a claim upon which relief may be granted.

Furthermore, Plaintiff's complaint fails to state a § 1983 claim against Defendant Garrett because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

5

By representing Plaintiff in his criminal case, Defendant Garrett was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not a "person acting under color of state law" under § 1983. Therefore, Plaintiff's allegations against Defendant Garrett fail to state a claim upon which relief may be granted.

Regarding Plaintiff's attempted claim against the State of Georgia, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Moreover, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").

Therefore, Plaintiff has failed to state a § 1983 claim against the State of Georgia, as any such claim is barred by the Eleventh Amendment.

In sum, Plaintiff's complaint should be dismissed because, due to immunity and lack of state action, Defendants are not subject to liability under § 1983.

**B.    Improper § 1983 Claim Based on Wrongful Imprisonment**

Furthermore, aside from Defendants' insulation from § 1983 liability, Plaintiff's claims are barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994). The Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is

7

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff contends that Defendants' allegedly unconstitutional actions led him to suffer a wrongful conviction and unlawful imprisonment. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's complaint should be dismissed because he cannot prevail on claims of improper imprisonment resulting from wrongful convictions.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE